UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRENT F. REGAN, KAREN B. MASHAK, JEREMY MORRIS, MARIE DeKNIKKER, JASON ROBINSON, KATIE DAVENPORT, LAILA KAMMERMAN, WALTER TRUDO, DANIEL MURDOCH, AND SHAWNA MURDOCH,<br><br>            Plaintiffs,<br><br>     vs.<br><br>C.L. "BUTCH" OTTER, Governor of the State of Idaho, and SHERRI YBARRA, Idaho Superintendent of Public Instruction, and DON SOLTMAN, President of the Idaho State Board of Education,<br><br>            Defendants. | Case No. 1:15-cv-00455-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendants' Motion to Dismiss for Lack of Standing and for Failure to State a Claim. (Dkt. 9.) For the reasons below, the Court will grant Defendants' motion because Plaintiffs lack standing.

## BACKGROUND

Plaintiffs are a class of Idaho taxpayers who seek to challenge Idaho's membership in the Smarter Balanced Assessment Consortium (SBAC). *Compl.* ¶¶ 1, 8,

**MEMORANDUM DECISION AND ORDER - 1**

16, Dkt. 1. SBAC is a consortium of states that have agreed to "build a flexible system of [education] assessment based upon the Common Core Standards in English language arts and mathematics with the intent that all students across this Consortium of States will know their progress toward college and career readiness." *SBAC MOU* at p. 2, Dkt. 1-1. Idaho joined SBAC in June 2010. *Compl.* ¶ 2, Dkt. 1. To do so, Idaho was required to adopt the Common Core Standards and modify statewide education curricula and assessment methods. *SBAC MOU* at p. 3, Dkt. 1-1. Idaho was further required to pledge funding contributions to SBAC in order to join. *Compl.* ¶ 54, Dkt. 1.

Plaintiffs contend SBAC is an unconstitutional interstate compact formed without congressional authorization under Article I, Section 10 of the United States Constitution. *Id.* ¶ 87. Plaintiffs allege Defendants fund Idaho's SBAC membership with tax dollars. *Id.* ¶¶ 89, 92, 95. They seek (1) a declaration that Idaho's membership in SBAC is unconstitutional; (2) to enjoin Defendants from making any disbursement of tax dollars to SBAC; and (3) a declaration that Idaho's adoption of the Common Core Standards through SBAC violates parents' constitutional right to determine the care, custody, and control of their children. *Id.* ¶¶ 7, 113, 118, 121. Defendants now move to dismiss Plaintiffs' Complaint, arguing Plaintiffs lack standing and have failed to state a claim.

## LEGAL STANDARD

"The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). Article III standing pertains to a federal court's subject matter jurisdiction, and lack of standing is properly raised in a motion to dismiss under Fed. R. Civ. P. (12)(b)(1). *White v. Lee*,

**MEMORANDUM DECISION AND ORDER - 2**

227 F.3d 1214, 1242 (9th Cir. 2000). Where a motion to dismiss is based on lack of standing, the Court must defer to the plaintiff's factual allegations, and further must presume "that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990).

A three-part test governs whether a dispute presents a "case or controversy" sufficient for Article III standing: (1) "the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) "there must be a causal connection between the injury and the conduct complained of"; and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008) (quoting *Lujan*, 504 U.S. at 560-61 (internal quotation marks omitted)). The plaintiff bears the burden of establishing standing. *Lujan*, 504 U.S. at 561. In determining whether the plaintiff has satisfied this burden, the Court must view the facts "as they exist[ed] at the time the complaint was filed." *Jacobs v. Clark Cnty. Sch. Dist.*, 526 F.3d 419, 425 (9th Cir. 2008) (quoting *Lujan*, 504 U.S. at 560-61).

## DISCUSSION

Defendants contend Plaintiffs lack standing because they sue only as Idaho taxpayers. Payment of taxes, standing alone, is generally insufficient to establish Article III standing to challenge government action. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 346 (2006). "Standing has been rejected in such cases because the alleged injury is

**MEMORANDUM DECISION AND ORDER - 3**

not 'concrete and particularized,' but instead a grievance the taxpayer suffers in some indefinite way in common with people generally." *Id.* at 344 (quotation marks and citation omitted). "In addition, the injury is not 'actual or imminent,' but instead 'conjectural or hypothetical.'" *Id.* (citation omitted). Although the prohibition against taxpayer standing initially applied only to federal taxpayer suits, the Supreme Court in *Cuno* held that the "rationale for rejecting federal taxpayer standing applies with undiminished force to state taxpayers." *Id.* at 345.

The Supreme Court established a narrow exception to the general prohibition against taxpayer standing in *Flast v. Cohen*, 392 U.S. 83 (1968). *Flast* allows a plaintiff to use his taxpayer status to challenge whether the government has used public funds in violation of the First Amendment's Establishment Clause. *Id.* at 88. The Supreme Court has rejected opportunities to expand *Flast's* narrow exception. *E.g.*, *Cuno*, 547 U.S. at 347 ("[A]s plaintiffs candidly concede, 'only the Establishment Clause' has supported federal taxpayer suits since *Flast*."); *Bowen v. Kendrick*, 487 U.S. 589, 618 (1988) ("Although we have considered the problem of standing and Article III limitations on federal jurisdiction many times since [*Flast*], we have consistently adhered to *Flast* and the narrow exception it created to the general rule against taxpayer standing").

In this case, dismissal is proper because Plaintiffs lack standing. Plaintiffs seek to challenge Idaho's membership in SBAC as violating the United States Constitution's Compact Clause under Article I, Section 10. *Compl.* ¶ 1, Dkt. 1. They argue Idaho's membership in SBAC and its adoption of the Common Core Standards through SBAC both injure Idaho students when applying to most colleges and universities. *Id.* ¶ 88. But,

MEMORANDUM DECISION AND ORDER - 4

as Defendants argue, Plaintiffs do not allege they "(1) have children in the public school system; (2) have children in an alternative school system; or (3) have children that have applied for and been denied admission to a college or university." *Def. Br.* at p. 7, Dkt. 9-1. Instead, Plaintiffs allege they are harmed as Idaho taxpayers "when the State expends Idaho taxpayer funds illegally." *Pl. Opp. Br.* at p. 3, Dkt. 13. Thus, Plaintiffs' injury "is the misuse and loss of their taxpayer payments to the Idaho general treasury, which is causally connected directly to the State's membership in SBAC, an illegal interstate compact." *Id.* Plaintiffs' injury does not confer Article III standing; rather, the general rule that payment of taxes, standing alone, is generally insufficient to confer standing is applicable here. Any interest Plaintiffs may have in their tax dollars is "too indeterminable, remote, uncertain and indirect to confer standing to challenge 'their manner of expenditure.'" *Cuno*, 547 U.S. at 345 (quotation marks and citation omitted). Additionally, the *Flast* exception to the general rule cannot apply because Plaintiffs do not allege an Establishment Clause-based violation.

Plaintiffs rely on an Idaho Supreme Court case to argue they have standing. In *Koch v. Canyon Cnty.*, 177 P.3d 372, 375 (Idaho Sup. Ct. 2008), the Idaho Supreme Court acknowledged that, "[i]n appropriate circumstances, . . . taxpayers do have standing to challenge governmental action." *Id.* The *Koch* Court then found standing to challenge government action under Article VIII, Section 3 of Idaho's Constitution, "the specific provision . . . prohibiting counties and other subdivisions of the State from incurring any indebtedness or liability, other than for ordinary and necessary expenses, in excess of their income and revenue for the year without voter approval." *Id.* at 376. But

**MEMORANDUM DECISION AND ORDER - 5**

even so, *Koch* is inapplicable here for two reasons. First, *Koch's* holding was narrow. *Koch* specifically addressed taxpayer standing to challenge whether the government has used tax dollars in violation of Article VIII, Section 3 of Idaho's Constitution. *Id.* The Idaho Supreme Court has since declined to apply *Koch* when taxpayers challenge government action under other constitutional provisions. *See Martin v. Camas Cnty.*, 248 P.3d 1243, 1250-51 (Idaho Sup. Ct. 2011). Second, standing requirements under Article III of the United States Constitution differ from those under Idaho's Constitution. *See Wasden v. State Bd. of Land. Comm'rs*, 280 P.3d 693, 697-98 (Idaho Sup. Ct. 2012) ("Idaho's Constitution has no 'case and controversy' clause like the federal Constitution."). Thus, *Koch* does not demonstrate that Plaintiffs have standing.

In sum, Plaintiffs lack standing because they have not alleged a legally cognizable injury fairly traceable to a redressable harm. The Court will therefore dismiss Plaintiffs' Complaint without prejudice, giving them leave to amend. *See, e.g.*, *Coakley v. Sunn*, 895 F.2d 604, 608 (9th Cir. 1990) (instructing that dismissal for lack of standing should be without prejudice).

## ORDER

1.  Defendants' Motion to Dismiss (Dkt. 9) is **GRANTED,** and Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE**. Should Plaintiffs wish to file an amended complaint, it must be filed with the Court **within 30 days** after the docketing of this Order.



DATED: April 11, 2016

B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 7**